### 8431.  CARTER *v.* BRIGGS.

The court erred in not sustaining the demurrer on the ground that the superior court of Lowndes county had no jurisdiction, and in directing a verdict for the plaintiff.

DECIDED NOVEMBER 1—REHEARING DENIED NOVEMBER 17, 1917.

Complaint; from Lowndes superior court—Judge Patterson presiding. November 18, 1915.

*Dan R. Bruce,* for plaintiff in error.

*Woodward & Smith,* contra.

BLOODWORTH, J.  The defendant in this case was sued jointly with C. C. Carter, defendant in the case of *Carter* v. *Briggs,* No. 8430, ante, 176. Separate bills of exceptions were sued out. The decision in that case controls this; the only difference in the two cases being that the defendant in this case did not sign the note which was the basis of the suit, and his demurrer to the petition was in part as follows: "That there is no relief prayed as against this defendant, and he is therefore no proper or necessary party to plaintiff's cause of action, if any there be set out in her petition; and this defendant not being a proper or necessary party to plaintiff's cause of action, this court is without jurisdiction to entertain the same; but that Echols superior court is the proper court and the only court that has jurisdiction of plaintiff's cause of action, if any she has; that there is no relief prayed as against this defendant, and he is not a proper or necessary party to plaintiff's cause of action, if any she has; and it being such an equitable cause of action, the same should be filed in Echols superior court, the county of the defendant against whom substantial relief is prayed, and this court has no jurisdiction of either the sub-

ject-matter of plaintiff's cause of action, if any she has, neither has this court any jurisdiction of the defendant against whom substantial relief is prayed in said petition."

Under the ruling in the case referred to above, the demurrer to the petition on the ground that the superior court of Lowndes county had no jurisdiction in this case, should have been sustained. This error made the subsequent proceedings nugatory; and the court erred in directing a verdict for the plaintiff.

*Judgment reversed. Broyles, P. J., and Harwell, J., concur.*